HOSTETTER and others *v.* FRIES and others.

*(Circuit Court, S. D. New York.* May 31, 1883.)

1. NAME OF NEW ARTICLE—RIGHT TO USE OF.
     When a new article is made a name must be given to it, and this name becomes, by common acceptation, the appropriate descriptive term by which it is known, and therefore becomes public property, so that all who have the right to manufacture and sell the preparation have the right to designate and sell it by the name by which alone it is known, provided care is observed to sell the preparation as the manufacture of the seller, and not the preparation made by another.

2. TRADE-MARK—DEFINITION.
     A trade-mark consists of a word, mark, or device adopted by a manufacturer or vendor to distinguish his production from other productions of the same article.

**3. SAME—NAME INDICATING KIND OR DESCRIPTION OF THING.**

A name alone is not a trade-mark when it is understood to signify, not the particular manufacture of a certain proprietor, but the kind or description of thing which is manufactured.

**4. SAME—INJUNCTION REFUSED.**

Complainants claimed the right to use the name " Dr. J. Hostetter's Stomach Bitters " in connection with certain labels, bottles, and other devices which designated the preparation as of their own manufacture and indicated its origin, and in their bill they averred that defendants were selling to the trade an extract out of which it was claimed Hostetter's Bitters could be made, with directions how to make such bitters, and that the retail dealers were making these bitters and refilling complainant's bottles, with their labels and devices thereon, and thus selling them. *Held,* that defendants had the right to sell their extract as charged, as no purchaser could suppose that he was purchasing the preparation made by complainants; that they could not be held responsible for the acts of third parties; and that an injunction would not be granted.

In Equity.

*A. H. Clark* and *James Watson,* for complainants.

*I. A. Englehart* and *A. J. Dittenhoefer,* for defendant.

WALLACE, J. The motion for a preliminary injunction must be denied, because it does not appear from the bill and affidavits that defendants are infringing the complainant's trade-mark. Complainants' property consists in the right to use the name "Dr. J. Hostetter's Stomach Bitters" in connection with certain labels, bottles, and other devices, which designate the preparation as of their own manufacture, and indicate its origin.. The bill alleges that the defendants are engaged in manufacturing and selling certain essences, oils, and extracts which they represent can be so manipulated and used as to produce a good imitation of various well-known brands of bitters, among them an imitation of Hostetter's Bitters; that they sell the same to compounders and jobbers, with instructions to the purchaser as to the mode of compounding the bitters and selling them as the genuine article; and that such purchasers compound the essence and sell the bitters made thereby to retail dealers, and the latter procure the second-hand empty bottles that have been sold by the complainants, having the labels thereon, and refill them with the bitters compounded from the defendants' essences and palm them off upon the public as the genuine bitters of the complainants' manufacture.

The complainants have neither the exclusive right to make bitters compounded after the formula of Dr. Hostetter, nor the exclusive right to sell bitters by the name of Hostetter's Bitters. The preparation never had any name until it was offered to the public and christened. When a new article is made a name must be given to it, and this name becomes by common acceptation the appropriate descriptive term by which it is known, and therefore becomes public property. If this were not so any person could acquire the exclusive right to a formula by giving a name to the compound produced, not only when the compound has not been patented, but when it might not be the subject of a patent. All who have the right to manufac-

ture and sell the preparation have the right to designate and sell it by the name by which alone it is known, provided care is observed to sell the preparation as the manufacture of the seller and not the preparation made by another. A trade-mark consists of a word, mark, or device adopted by a manufacturer or vendor to distinguish his production from other productions of the same article. A name alone is not a trade-mark when it is understood to signify, not the particular manufacture of a certain proprietor, but the kind or description of thing which is manufactured. *Singer Manuf'g Co.* v. *Loog*, 15 Reporter, 538; *Wheeler & Wilson Manuf'g Co.* v. *Shakespear*, 39 Law J. Ch. 36; *Young* v. *Macrae*, 9 Jur. (N. S.) 322.

Obviously, no one would be deceived into the supposition that the defendants were selling the complainants' production when they only profess to sell an extract from which Hostetter's Bitters can be made. Defendants not only have the right to make and sell the extract, but they have the legal right to make and sell a preparation which they call Hostetter's Bitters, provided they do not employ the bottles, labels, symbols, or devices which have been used by the complainant to distinguish their own production of that preparation, or such equivalents as may deceive the public in that regard. If the bill had distinctly alleged that the defendants were engaged in a scheme to put upon the market and palm off upon the public a preparation of their own as the complainants' preparation, and these allegations were shown to be true, the defendants could not escape an injunction merely upon the ground that they had not sold the preparation themselves. But all the general allegations of fraud and conspiracy in the bill are resolved into the specific acts of wrong-doing particularly stated; that is, selling the extract and informing their customers how it may be made into Hostetter's Bitters. The actionable transgression of the complainants' rights is that committed by the retail purchasers who buy from the defendants' customers—those who use the bottles, labels, and symbols which constitute the complainant's trade-mark. The defendants may be instrumental in effecting the wrong by providing some of the means employed, but they only do what the law permits them to do. And even if it could be assumed that they contemplated the further wrong-doing of the retailers, the law does not visit motives or intent unaccompanied by a wrongful overt act. The bill, however, does not allege that they are participants in the violation of the complainants' rights further than by selling the extract, and giving instructions how it can be made into Hostetter's Bitters.

The motion is denied.

See *Wilcox & Gibbs Sewing-machine Co.* v. *The Gibbens Frame*, *infra; Burton* v. *Stratton*, 12 FED. REP. 696, and note, 704; *Shaw Stocking Co.* v. *Mack*, Id. 707, and note, 717.—[ED.